UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABDUL SHAKOOR QURAISHI, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, *et al.*;<br><br>Defendants. | Civil Action No. 26-12474-GAO |

**DEFENDANTS' MOTION TO CONTINUE THE STAY OF LITIGATION**

Defendants respectfully move this Court to continue the stay of the litigation in this case to November 20, 2026. As reasons for their motion, Defendants state the following.

1. Plaintiffs filed a Complaint on June 1, 2026, challenging Defendants' implementation of adjudication hold policies governing immigration benefits for foreign nationals of thirty-nine designated countries who are present in the United States. *See, generally*, Compl., Doc. No. 1.

2. On September 4, 2026, Plaintiffs filed a motion for preliminary injunction under Fed. R. Civ. P. 65(b), seeking an order enjoining Defendants from applying the adjudication hold policies to Plaintiffs' pending immigration benefits applications. [Doc. No. 19].

3. Defendants' response to the Complaint and their opposition to Plaintiffs' motion have been stayed to September 30, 2026. [Doc No. 22].

4. Counsel for the parties have engaged in efforts to determine whether the issues raised in this case, and in similar litigation filed in this District, may be resolved without the need for further litigation. Toward that effort, on August 10, 2026, Defendants voluntarily provided Plaintiffs with a spreadsheet setting forth the status of each of the 103 individual plaintiffs'

immigration benefits applications, and on September 29, 2026, provided Plaintiffs with an update on the progress of adjudication of Plaintiffs' applications on this and another case filed in this District.[1] Additionally, the parties have engaged in discussions to explore whether potential global resolution of this case, and five similar cases filed in this District, brought by a total of 1,220 plaintiffs,[2] is possible. Despite these efforts, however, the parties have been unable to reach a resolution, and Plaintiffs have filed a motion seeking injunctive relief and adjudication of their pending immigration benefits applications.

5. As the Court is aware, on August 24, 2026, the U.S. District Court for the Northern District of California issued an order in *Red Eagle Law, L.C., et al. v. Edlow*, No. 26-cv-04850-CRB, 2026 WL 2476424 (N.D. Cal. Aug. 24, 2026) certifying a class pursuant to Fed. R. Civ. P. 23(b)(2) and granting the plaintiffs' (and class members') injunctive relief. In *Red Eagle*, approximately 400 plaintiffs with immigration benefit applications pending before U.S. Citizenship and Immigration Services ("USCIS") filed a lawsuit challenging the agency's adjudication hold policies. *Id.*, at *1. The district court granted the plaintiffs' motion for injunctive relief and ordered USCIS to adjudicate the plaintiffs' (and the class members') applications "in the normal course of USCIS's process." *Id.*, *6.

6. The *Red Eagle* district court also certified a class defined as individuals who:

a. Are citizens or natives of one of more of the 39 countries listed in Presidential Proclamations 10949 or 10998, or the Palestinian Authority; and

---

[1] Upon information and belief, as of August 9, 2026, 48 of the applications had been approved, 24 applications were pending an interview, and 13 of the plaintiffs appear to have mooted out. This seemingly amounts to more than 30 percent of the applications either being adjudicated or pending an interview.

[2] The total number of plaintiffs has decreased as USCIS adjudicates benefits applications in the normal course, and as the plaintiffs voluntarily dismiss their claims.

b. Who are seeking asylum with an I-589 application pending; or

c. Otherwise have a benefit application pending with U.S. Citizenship and Immigration Services;

d. That is subject to the adjudication hold imposed by USCIS Policy Memorandum PM-602-0192 (December 2, 2025) or PM-602-0194 (January 1, 2026) that has not received final adjudication as of the date of class certification.

*Red Eagle Law, L.C*, 2026 WL 2476424, at *6. The appeal period for the *Red Eagle* decision expires on October 23, 2026.

7. For these reasons, Defendants respectfully file this motion to continue the stay of the litigation in this case to November 20, 2026. First, a continued stay will allow the parties to determine whether an appeal will be taken in *Red Eagle*, and to assess their respective litigation positions after the appeal period expires. Second, a continued stay will allow Defendants to determine the impact of the *Red Eagle* district court's class certification to Plaintiffs in this case, and in similar cases filed in this District, and to obtain guidance following expiration of the *Red Eagle* appeal period. For these reasons, Defendants request that they be permitted to file a status report on or before November 20, 2026, or otherwise file a response to Plaintiffs' Complaint and an opposition to Plaintiffs' motion for preliminary injunction.

8. "A district court has the inherent discretionary authority to stay a civil action if the interests of justice so require." *Zavatsky v. O'Brien*, 902 F. Supp. 2d 135, 147 (D. Mass. 2012) (citing *Microfinancial, Inc. v. Premier Holidays Int'l, Inc*., 385 F.3d 72, 77–78 (1st Cir. 2004)). "It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc.*, 385 F.3d at 77 (citing *Landis v. N. Am. Co*., 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Marquis v. FDIC*, 965 F.2d 1148, 1154–55 (1st Cir.1992)).

9. A stay is warranted in this case. Defendants recognize Plaintiffs' interests in "proceeding expeditiously with the civil litigation." *Zavatsky*, 902 F. Supp. 2d at 147. But requiring Defendants to respond to Plaintiffs' seven-count, 209-paragraph complaint and to file an opposition to Plaintiffs' motion for preliminary injunction—seeking the same relief awarded by *Red Eagle* and *Dorcas Int'l Inst. of Rhode Island, et al., v. U.S. Citizenship and Immigr. Serv., et al.*[3]—while Defendants are at the same time considering the impact of the *Red Eagle* class certification and a decision that potentially may be dispositive of this case, is burdensome and causes hardship to Defendants, particularly at a time when an unprecedented number of cases involving immigration enforcement and adjudication policies are being challenged in this District (and nationwide). Additionally, allowing a stay of litigation in this case promotes efficiency and will preserve the resources of the parties, and will conserve judicial resources.

10. Nor will a stay of litigation cause prejudice to Plaintiffs. In addition to the decision and class certification in *Red Eagle, infra*, on June 5, 2026, the U.S. District Court for the District of Rhode Island issued an order in *Dorcas Int'l Inst. of Rhode Island, et al., v. U.S. Citizenship and Immig. Serv., et al.*, *supra*, vacating the very policies challenged by Plaintiffs in this case. As such, USCIS has been adjudicating, and continues to adjudicate, applications in its usual course of processing, as evidenced by the notices of voluntary dismissal filed by individual plaintiffs in this case. *See also, e.g.,* Policy Mem. PM-602-0194 (noting the "memorandum is no longer in effect

---

[3] *Dorcas Int'l Inst. of Rhode Island v. United States Citizenship & Immigr. Servs.*, 834 F. Supp. 3d 242 (D.R.I. 2026), *judgment entered*, No. 26-CV-132-JJM-PAS, 2026 WL 1695954 (D.R.I. June 11, 2026). An appeal is pending with U.S. Court of Appeals for the First Circuit, No. 26-1703.

due to court orders),[4] USCIS *Recent Court Order on Hold Policies*, available at https://www.uscis.gov/newsroom/alerts/recent-court-order-on-hold-policies (last visited Sept. 10, 2026) ("USCIS is ordered to adjudicate applications in the normal course of USCIS' process.").

11. Thus, good cause exists under Fed. R. Civ. P. 6(b) to continue a stay of the litigation in this case and to extend the time by which Defendants are required to respond to Plaintiffs' Complaint and motion for preliminary injunction. Defendants respectfully request that the Court grant their motion to stay the instant litigation, and order that Defendants file a status report or otherwise respond to Plaintiff's Complaint and motion for injunctive relief on or before November 20, 2026.

12. Defendants conferred with Plaintiffs in an effort to narrow or resolve the issues raised by this motion as required by Local Rule 7.1. Plaintiffs oppose the relief requested by this motion.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: /s/ Eve A. Piemonte
Eve A. Piemonte
Assistant United States Attorney
United States Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3369
Eve.Piemonte@usdoj.gov

Dated: September 30, 2026

[4] Available at https://www.uscis.gov/sites/default/files/document/policy-alerts/PM-602-0194-PendingApplicationsAdditionalHighRiskCountries-20260101.pdf (last visited Sept. 10, 2026).

**LOCAL RULE 7.1 CERTIFICATION**

I, Eve A. Piemonte, hereby certify that pursuant to L.R. 7.1(a)(2), I conferred with counsel for Plaintiffs in a good faith attempt to narrow or resolve the issues raised by this motion, and Plaintiffs oppose the relief requested.

*/s/ Eve A. Piemonte*
Eve A. Piemonte
Assistant U.S. Attorney

Dated: September 30, 2026